IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| **LES CHRISTOPHER BURNS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:18CV00073 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHRISTOPHER LEE COOK, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*M. Paul Valois, James River Legal Associates, Lynchburg, Virginia, for Plaintiff; Jim H. Guynn, Jr., Guynn & Waddell, P.C., Salem, Virginia, for Defendant Michael Brown.*

In this action for violation of civil rights under 42 U.S.C. § 1983, one of the defendants, Michael Brown, Sheriff of Bedford County, Virginia, has moved to dismiss the claims against him made in the plaintiff's First Amended Complaint. I will grant the motion.[1]

The plaintiff, Les Christopher Burns, contends in his First Amended Complaint that a deputy sheriff of Bedford County and a former assistant United States Attorney conspired to violate his civil rights by manufacturing false

---

[1] The Motion to Dismiss by Defendant Michael Brown was filed and served electronically on September 5, 2018. No responsive brief to the motion has been filed by the plaintiff, although it was due under the court's Local Rules no later than September 19, 2018. W.D. Va. Civ. R. 3(c)(1). No request for extension of time has been made.

evidence against him in a federal criminal prosecution.[2]  As to Sheriff Brown, he is sued in his official capacity and charged in Count Five with maintaining a policy or custom of (1) permitting his officers to engage in misconduct that violated the civil rights of targets of criminal investigations and (2) failing to discipline such employees.  Compensatory damages are sought against Sheriff Brown, as well as prospective injunctive relief.

I.

As contended by Sheriff Brown, I find that the Eleventh Amendment to the Constitution bars Burns' suit for monetary relief against him in his official capacity.[3]  The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.  "The Supreme Court 'has drawn on principles of sovereign immunity to construe the Amendment to establish that an unconsenting

---

[2]  Misconduct by the prosecution was the subject of an opinion of this court granting a new trial to Burns.  *United States v. Burns*, 6:13-cr-00022, 2016 WL 3910273 (W.D. Va. July 14, 2016) (Moon, J.).  The prosecution against Burns was later dismissed at the request of the government.

[3]  In his Motion to Dismiss asserting Eleventh Amendment immunity, Sheriff Brown relies upon Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim), rather than Rule 12(b)(1) (lack of subject-matter jurisdiction).  The Fourth Circuit's precedent is unclear "on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)."  *Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000).  Accordingly, I find that Sheriff Brown's reliance on Rule 12(b)(6) is of no moment in determining his present motion.

State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Lee–Thomas v. Prince George's Cty. Pub. Sch.,* 666 F.3d 244, 248 (4th Cir. 2012) (quoting *Port Auth. Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304 (1990)). The Court has also held that Eleventh Amendment immunity extends to "state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429 (1997). In Virginia an action against a sheriff in his official capacity has been held to be an action against the state for the purpose of this immunity. *Bland v. Roberts*, 730 F.3d 368, 391, 394 (4th Cir. 2013).[4]

Burns' action also seeks injunctive relief against Sheriff Brown, namely that he be enjoined from allowing misconduct by his employees and that he be required to train his employees "to act in a manner consistent with law in the handling of evidence and witnesses" and to create "a disciplinary policy that is consistent with law." First Am. Compl. ¶¶ 87, 88, 89, ECF No. 4.

The Supreme Court long ago recognized a limited exception to Eleventh Amendment immunity in *Ex Parte Young*, 209 U.S. 123 (1908). Under this doctrine, a state official may be sued in his official capacity for injunctive relief; however, this exception to Eleventh Amendment immunity permits only

---

[4] Although not expressly asserted by Sheriff Brown, in addition to possible Eleventh Amendment immunity, state officials sued in their official capacity for monetary relief are not "persons" subject to suit within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 & 71 n.10 (1989).

prospective, not retrospective, relief. *Antrican v. Odom*, 290 F.3d 178, 186 (4th Cir. 2002).

II.

While Burns may not be barred from seeking prospective injunctive relief in this case, he has failed to adequately plead facts necessary to support such a claim.[5]

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, "the tenet that a court must accept as true

---

[5] State officials sued for damages in their personal capacities are "persons" under § 1983 and have no Eleventh Amendment immunity, even when the claim is based upon the carrying out of official duties. *Hafer v. Melo,* 502 U.S. 21, 28, 30 (1991). Even had Burns sued Sheriff Brown in his individual capacity, rather than in his official capacity, and thus escaped the bar of the Eleventh Amendment and § 1983, he has failed in his First Amended Complaint to state a supervisory liability claim upon which monetary relief can be granted, in that he has not alleged sufficient facts showing that Sheriff Brown exhibited deliberate indifference in supervising his subordinates, causing the deprivation of Burns' federal rights. *See Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984) ("A supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates.").

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

The only specific factual allegations made against Sheriff Brown (other than his status as sheriff and policymaker for the sheriff's department), are that he employed the codefendant deputy sheriff, First Am. Compl. ¶ 14, ECF No. 4, and that in a separate matter he briefly suspended the deputy sheriff and then reassigned him as a school resource officer, *id.* at ¶ 54.

Respondeat superior may not serve as a basis for imposing liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, in order to obtain relief under a "policy or custom" theory, as alleged here against Sheriff Brown,

> [a] plaintiff must point to a persistent and widespread practice of municipal officials, the duration and frequency of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference. Both knowledge and indifference can be inferred from the extent of employees' misconduct. Sporadic or isolated violations of rights will not give rise to *Monell* liability; only widespread or flagrant violations will.

*Owens v. Balt. City State Attorneys Office,* 767 F.3d 379, 402-03 (4th Cir. 2014) (internal quotation marks, alteration, and citations omitted). More specifically, the Supreme Court held that §1983 liability based upon failure to adequately train assistant district attorneys about their due process *Brady* obligations could not be shown unless the plaintiff showed a pattern of *Brady* violations. *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").

The same principles apply to the alleged policy or custom of failing to discipline an employee. A plaintiff must show a pattern of constitutionally offensive conduct, for which the supervisor knew or should have known, yet failed to take corrective action, and not simply a single instance. *Santiago v. Fenton*, 891 F.2d 373, 382 (1st Cir. 1989).

In summary, Burns has alleged no facts showing a pattern or practice of the alleged custom or policy, but simply bare conclusions, which do not support a plausible claim for the injunctive relief sought.

III.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss of Defendant Michael Brown, ECF No. 13, is GRANTED and the claims against said defendant are DISMISSED.

ENTER: October 11, 2018

/s/ *James P. Jones*
United States District Judge