CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/13/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| **LES CHRISTOPHER BURNS,** | |
| Plaintiff, | Case No. 6:18CV00073 |
| v. | **OPINION AND ORDER** |
| **CHRISTOPHER LEE COOK, ET AL.,** | By: James P. Jones<br>United States District Judge |
| Defendants. | |

*M. Paul Valois, James River Legal Associates, Lynchburg, Virginia, for Plaintiff; Laura Day Rottenborn and Krista Consiglio, Assistant United States Attorneys, Roanoke, Virginia, for Defendant Thomas T. Cullen.*

In this action for violation of civil rights under 42 U.S.C. § 1983, one of the defendants, Thomas T. Cullen, United States Attorney for the Western District of Virginia, has moved to dismiss the claim against him made in the plaintiff's First Amended Complaint. I will grant the motion.[1]

The plaintiff, Les Christopher Burns, contends in his First Amended Complaint that a deputy sheriff of Bedford County and a former assistant United States Attorney conspired to violate his civil rights by manufacturing false

---

[1] The motion by defendant Cullen was filed and served electronically on October 12, 2018. No responsive brief to the motion has been filed by the plaintiff, although it was due under the court's Local Rules no later than October 26, 2018. W.D. Va. Civ. R. 3(c)(1). No request for extension of time has been made.

evidence against him in a federal criminal prosecution.[2]  As to U.S. Attorney Cullen, he is sued in his official capacity and charged in Count Seven of the First Amended Complaint with maintaining a policy or custom of hiding exculpatory evidence from courts, in violation of the Constitution.  Nominal damages, a declaratory judgment, and attorneys' fees are sought, as well as prospective injunctive relief.

I.

U.S. Attorney Cullen contends that the First Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacks subject-matter jurisdiction over Burns' claim against him.  He asserts that the court lacks subject-matter jurisdiction because the United States has not waived its sovereign immunity and because Burns cannot establish standing in his claim against U.S. Attorney Cullen.  In addition, U.S. Attorney Cullen moves to dismiss Burns' claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6) because Burns has failed to state a claim against him.

Federal courts have limited jurisdiction and are empowered to act only in the specific instances authorized by Congress.  *Bowman v. White*, 388 F.2d 756, 760

---

[2]  Some of the circumstances alleged were the subject of an opinion of this court granting a new trial to Burns.  *United States v. Burns*, No. 6:13-cr-00022, 2016 WL 3910273 (W.D. Va. July 14, 2016) (Moon, J.).  The prosecution against Burns was later dismissed at the request of the government.

(4th Cir. 1968). The court must determine questions of subject-matter jurisdiction before it can address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Thus, when a party moves to dismiss for lack of subject-matter jurisdiction and for failure to state a claim, the court must address the question of subject-matter jurisdiction first. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

As contended by U.S. Attorney Cullen, I find that the court lacks subject-matter jurisdiction because the United States has not waived its sovereign immunity. Federal courts do not have jurisdiction over actions against the United States unless Congress has expressly waived the United States' sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). Suits against federal officials in their official capacity are suits against the United States. *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983). Thus, federal officials sued in their official capacity may assert the United States' sovereign immunity. *Lewis v. Clarke*, 137 S. Ct. 1285, 1290–91 (2017). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).[3]

---

[3] I have omitted internal quotation marks and citations throughout this opinion, unless otherwise noted.

Burns' First Amended Complaint is against U.S. Attorney Cullen in his official capacity, and therefore it is against the United States. Thus, there must be an express waiver of the United States' sovereign immunity for the court to have jurisdiction over Burns' suit against U.S. Attorney Cullen. Although Burns alleges in his First Amended Complaint that the court has jurisdiction under 28 U.S.C. § 1331, this statute "is not a general waiver of sovereign immunity." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (quoting *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 4 (1st Cir. 1989)). The only other statute that Burns cites, 42 U.S.C. § 1983, does not waive the United States' sovereign immunity because it creates liability only against persons exercising power "possessed by virtue of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). U.S. Attorney Cullen exercises his authority by virtue of federal, rather than state, law. Accordingly, Burns' First Amended Complaint does not state a waiver of the United States' sovereign immunity, and the court lacks subject-matter jurisdiction over it.

I also find that the court lacks subject-matter jurisdiction because Burns cannot establish standing in his claim against U.S. Attorney Cullen. Federal courts' jurisdiction extends only to "cases" and "controversies," and no case or controversy exists if a plaintiff lacks standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish standing, plaintiffs must show (1) that they have

suffered a concrete and particularized injury-in-fact, or they will suffer an imminent injury, (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

A claim that the plaintiff was exposed to illegal conduct in the past "does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Further, where "the prospect of future injury rests on the likelihood that [the plaintiff] will again be arrested for and charged with violations of the criminal law and will again be subjected to [the challenged practices]," the case-or-controversy requirement is not satisfied. *Id.* at 496. Such an allegation does not establish that the plaintiff will suffer an imminent injury. *See id.* at 497 (finding that injury was not sufficiently real and immediate because the court assumed "that respondents will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed").

Burns' First Amended Complaint does not establish his standing to sue U.S. Attorney Cullen because it does not show a concrete and particularized injury-in-fact or an imminent injury. Burns does not allege any continuing, present adverse effects of the illegal conduct to which he was exposed in the past. Further, Burns'

allegation that "it is likely that he will interact with and be exposed to the policies and customs of the United States Attorney's Office," Am. Compl. ¶ 91, ECF No. 4, does not establish a sufficiently imminent injury. I assume that Burns will conduct his activities within the law and so avoid exposure to the challenged policies and customs. Accordingly, Burns' First Amended Complaint fails to establish the first requirement for showing standing — an injury-in-fact or an imminent injury — and the court lacks subject-matter jurisdiction over it.

II.

For the foregoing reasons, it is **ORDERED** that Defendant Thomas T. Cullen's Motion to Dismiss, ECF No. 19, is GRANTED and the claims against said defendant are DISMISSED. The Clerk shall terminate Thomas T. Cullen, United States Attorney, as a party to this action.

ENTER: November 13, 2018

/s/ *James P. Jones*
United States District Judge