IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LES CHRISTOPHER BURNS | ) |
| | ) |
| v. | ) Case No.: 6:18-CV-00073 |
| | ) |
| CHRISTOPHER COOK, ET AL. | ) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT ASHLEY NEESE'S MOTION TO STRIKE

Defendant Ashley Neese ("Neese"), by and through undersigned counsel, respectfully submits this memorandum of points and authorities in support of her Motion to Strike Les Christopher Burns' ("Plaintiff" or "Burns") untimely Memorandum in Opposition to Neese's Motion to Dismiss ("Memorandum.") (Dkt. No. 26). Plaintiff filed his Opposition to Defendant's Motion to Dismiss almost one week after his pleading was due. (December 16 as opposed to December 10, 2018). Plaintiff did not confer with Neese about his untimely filing. Neither did the Plaintiff seek leave to file out of time, or make any effort to should good cause or excusable neglect for his untimely filing. As such, his Opposition should be struck or otherwise not considered by the Court and Defendant's Motion to Dismiss should be treated as unopposed or conceded. Plaintiff's filing of this Opposition serves only to harass Neese, impose additional costs, and undue delay and thereby prejudices Neese.

### BACKGROUND

Plaintiff filed the Complaint in this Court on July 20, 2018. Dkt. No. 1. In his original filing, Plaintiff alleged causes of action against Christopher Cook ("Cook") and Neese. On July 23, 2018, Plaintiff filed his First Amended Complaint ("Complaint"). Dkt. No. 2. In the

Page 1

Complaint, Plaintiff brought alleged causes of action against Cook, Neese, Bedford County Sheriff Michael Brown ("Brown"), and United States Attorney Thomas Cullen ("Cullen").

On September 5, 2018, Brown timely filed his Motion to Dismiss and his Memorandum in Support. Dkt. No. 13. Plaintiff did not file a response to Brown's Motion to Dismiss. See Dkt. Thereafter, this Court filed its Opinion and Order granting Brown's Motion to Dismiss on October 11, 2018. Dkt. No. 18. In the Opinion and Order, this Court acknowledged Plaintiff's lack of filing a responsive brief and set forth, in accordance with the Local Rules, that Plaintiff's responsive brief was due no later than September 19, 2018, which was fourteen days after the filing of Brown's Motion to Dismiss. *Id*. at 1, Footnote 1. Moreover, this Court noted that Plaintiff had not requested an extension of time in which to file a responsive brief.

On October 12, 2018, Cullen timely filed his Motion to Dismiss and Memorandum in Support. Dkt. Nos. 19 and 20. Plaintiff also did not file a response to Cullen's Motion to Dismiss. This Court filed its Opinion and Order granting Cullen's Motion to Dismiss on November 13, 2018. Dkt. No. 22. In the Opinion and Order, this Court again acknowledged Plaintiff's lack of filing a responsive brief and set forth that Plaintiff's responsive brief was due no later than October 26, 2018, in compliance with this jurisdiction's Local Rules. *Id*. at 1, Footnote 1. This Court also noted that Plaintiff had not requested an extension of time in which to file a responsive brief.

On November 26, 2018, Neese timely filed her Motion to Dismiss and her Memorandum in Support ("Motion to Dismiss") thereof with this Court. Dkt. Nos. 23 and 24. Plaintiff's opposition to Neese's Motion to Dismiss was due December 10, 2018. Plaintiff did not file any opposition on or before the due date and did not file any request for extension.

On December 16, 2018, twenty days after Neese's filings, Plaintiff filed his untimely Memorandum. Dkt. No. 26. Plaintiff did not confer with Neese regarding his out of time filing,

Page 2

Case 6:18-cv-00073-JPJ   Document 28   Filed 12/18/18   Page 2 of 6   Pageid#: 170

nor did Plaintiff seek any leave to file out of time or offer <u>any</u> explanation whatsoever for this conduct as was required under the Local Rule 11 of this Court and Fed. R. Civ. P. ("Rule") 6(a) and (b)(1).

**ARGUMENT**

This Court has previously put the Plaintiff on notice <u>in its opinions in this case</u>, that this District's Local Rules require a responsive pleading within 14 days. Title II – Civil Rules, Rule 11(c)(1), of this district's Local Rules, provides in pertinent part, "[u]nless otherwise directed by the Court, the opposing party **must** file a responsive brief and such supporting documents as are appropriate within 14 days after service[.]" At p. 24 (emphasis added). See, also, the Court's opinions in this case dismissing two of the defendants. Dkts. 18 and 22 at 1, footnote 1.

In this case, striking Plaintiff's untimely filed Memorandum, or otherwise disregarding it, is an appropriate action for this Court to take given the overall circumstances. This Court has not issued any orders directing the parties to respond in any other manner than the time frame provided in the Local Rules. Here, there is no question that Plaintiff's Memorandum is filed outside of the time limits governed by the Local Rules, as it was not filed until December 16, 2018. Even if Plaintiff now tries to argue that Plaintiff was unaware of the Local Rules (which as a practitioner before this Court he is required to know the Local Rules), Plaintiff was placed on notice and made aware of the Local Rules in this Court's prior opinions granting Brown's and Cullen's Motions to Dismiss in this case, filed in October and November 2018. See Dkt. Nos. 18 and 22. Additionally Plaintiff never conferred with counsel, and did not seek leave to file out of time. Plaintiff offered no explanation for the untimely filing. There is thus no good cause or excusable neglect for this filing. See. Rule, 6, Fed. R. Civ. Pro. Plaintiff disregarded the Court's rules and shamelessly made his filing without even providing this Court with an explanation for why the filing was late.

Page 3

Case 6:18-cv-00073-JPJ  Document 28  Filed 12/18/18  Page 3 of 6  Pageid#: 171

nor did Plaintiff seek any leave to file out of time or offer <u>any</u> explanation whatsoever for this conduct as was required under the Local Rule 11 of this Court and Fed. R. Civ. P. ("Rule") 6(a) and (b)(1).

**ARGUMENT**

This Court has previously put the Plaintiff on notice <u>in its opinions in this case</u>, that this District's Local Rules require a responsive pleading within 14 days. Title II – Civil Rules, Rule 11(c)(1), of this district's Local Rules, provides in pertinent part, "[u]nless otherwise directed by the Court, the opposing party **must** file a responsive brief and such supporting documents as are appropriate within 14 days after service[.]" At p. 24 (emphasis added). See, also, the Court's opinions in this case dismissing two of the defendants. Dkts. 18 and 22 at 1, footnote 1.

In this case, striking Plaintiff's untimely filed Memorandum, or otherwise disregarding it, is an appropriate action for this Court to take given the overall circumstances. This Court has not issued any orders directing the parties to respond in any other manner than the time frame provided in the Local Rules. Here, there is no question that Plaintiff's Memorandum is filed outside of the time limits governed by the Local Rules, as it was not filed until December 16, 2018. Even if Plaintiff now tries to argue that Plaintiff was unaware of the Local Rules (which as a practitioner before this Court he is required to know the Local Rules), Plaintiff was placed on notice and made aware of the Local Rules in this Court's prior opinions granting Brown's and Cullen's Motions to Dismiss in this case, filed in October and November 2018. See Dkt. Nos. 18 and 22. Additionally Plaintiff never conferred with counsel, and did not seek leave to file out of time. Plaintiff offered no explanation for the untimely filing. There is thus no good cause or excusable neglect for this filing. See. Rule, 6, Fed. R. Civ. Pro. Plaintiff disregarded the Court's rules and shamelessly made his filing without even providing this Court with an explanation for why the filing was late.

Now, Neese is placed in a position where more time, resources, and delay have been imposed upon her in responding to Plaintiff's Memorandum and having to file this motion. Further, Plaintiff's Opposition does no more than submit redundant information - the same conclusory allegations originally submitted in his Amended Complaint. Plaintiff can point to no facts to support his conclusions. There is no date, time, place, person, or substance alleged to his claim that Neese fabricated evidence or testimony before indictment. The late filing is merely superfluous and only serves to harass Neese, cause additional expenses to be incurred, and cause undue delay of the Court's ruling on Neese's Motion to Dismiss. Given that the Memorandum was unquestionably filed late, without a good faith basis, and given that Plaintiff would suffer no harm, whereas Neese would be prejudiced, we would respectfully submit that this Motion to Strike be granted, and the Memorandum be stricken from the record or otherwise not considered.

Rule 6(b)(1), Fed. R. Civ. Pro. provides that "[w]hen an act may or must be done within a specified time, the court may, for *good cause*, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of *excusable neglect*." (emphasis added). The Fourth Circuit has noted, "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). In determining whether neglect is excusable, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Service Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993). The most important factor to be considered, as identified in *Pioneer,* is the untimely party's reason for

delay. *Thompson*, 76 F.3d at 534; see also, *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) ("[T]he *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import.").

Here, Plaintiff has failed to provide this Court with any reason for his delayed filing. In accordance with the Local Rules, Plaintiff "must" file a responsive brief within 14 days unless otherwise noted. Plaintiff's responsive filing was due no later than December 10, 2018. But, Plaintiff did not respond until December 16, 2018. Plaintiff blatantly disregarded the Local Rules of this Court and Rule 6(b)(1) by complying with neither.

## CONCLUSION

Defendant requests that her Motion to Strike be granted or alternatively, that the Court disregard Plaintiff's untimely, unexcused, filing.

Respectfully submitted,

*/s/ David G. Barger*
David G. Barger (VSB # 21652)
Email: bargerd@gtlaw.com
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
Telephone: (703) 749-1307
Facsimile: (703) 714-8307

*Counsel for Defendant Ashley Neese*

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December 2018, I electronically filed Defendant Neese's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ David G. Barger
David G. Barger (VSB # 21652)
Email: bargerd@gtlaw.com
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
Telephone: (703) 749-1307
Facsimile: (703) 714-8307

*Counsel for Defendant Ashley Neese*

*TCO 363465106v1*